346 So.2d 586 (1977)
Robert Gene GILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. CC-304.
District Court of Appeal of Florida, First District.
May 11, 1977.
Rehearing Denied June 22, 1977.
*587 Richard W. Ervin, III, Public Defender, and Theodore E. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant was found guilty of three separate attempts to commit the crime of aggravated assault having in his possession at the time of each offense a firearm, viz: a shotgun, and of the crime of possession of a short-barreled shotgun which was or could readily be made operable. The attempt convictions were under counts charging appellant with an aggravated assault in each instance. The trial court on the attempt convictions sentenced appellant to three years each in the custody of the State Correctional System, such sentences to run concurrently, with jail time credit of forty-one days awarded him. Appellant was adjudged guilty of the unlawful possession of a short-barreled shotgun under count four of the information but was not sentenced under this count.
The sentences imposed upon appellant were imposed under the provisions of Section 775.087(2), Florida Statutes (1975), which provided that "any person who is convicted of any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes, and who had in his possession a `firearm', as defined in subsection 790.001(6), or `destructive device', as defined in subsection 790.001(4), shall be sentenced to a minimum term of imprisonment of three years... ." (emphasis supplied).
Appellant for the first time raises in this court the constitutionality of the above statute. He did not raise this question at the trial level and therefore cannot be heard to raise it on this appeal. Scenic Hills Utility Company, Inc., a Florida Corporation v. City of Pensacola, 156 So.2d 874 (Fla. 1st DCA 1963). Furthermore, the assignment of error raising this point was not argued in appellant's brief and under Florida Appellant Rule 3.7(i) is considered abandoned. Appellant's suggestion in his brief that this court withhold its decision herein because he alleges that the statute's constitutionality is now being challenged in cases pending in this court and in the Supreme Court, and that in his judgment the decisions in such pending cases will be controlling, does not constitute such argument as to relieve him of the effect of the last cited rule.
The first point presented by the appellant to be considered by us is his contention that the offense of an attempt to commit aggravated assault is a first degree misdemeanor and that, therefore, he is punishable under the provisions of Section 777.04(4)(d) Florida Statutes to a term of not more than one year, and that the terms of three years imprisonment imposed upon him for such offenses are invalid. This point is not well taken. In relying upon the provisions of Section 777.04(4)(d) to support his position, appellant overlooks subsection (1) of Section 777.04 which specifically provides that the provisions for the punishment of a criminal attempt set forth in Section 777.04(4) are applicable. "... when no express provision is made by law for the punishment of such attempt." Since Section 775.087(2) expressly provides for the punishment of an attempted aggravated assault while in possession of a firearm such latter named section, which deals with specifically named criminal attempts, prevails over the general sentencing statute, Section 777.04, Florida Statutes (30 Fla. Jur., Statutes, Sections 119 and 121). We hold that the two statutes (Section 775.082(4)(a) *588 and Section 775.087(2)) are not in conflict because the first named section is a general expression of the penalty for first degree misdemeanors while the latter named section specifically deals with and fixes the punishment for the crime of an attempt to commit certain designated offenses. By upholding the trial court's sentences on these criminal attempts we give force and effect to both statutes, and hold that each has a legislative intended field of operation. We affirm as to the sentences imposed under counts 1-3 of the information.
The second point raised by the appellate involves the validity of his conviction under count four of the information. When arrested appellant had in his possession two shotguns. The State concedes that as to one of the guns it was a regular shotgun, the possession of which was not unlawful, but charged the appellant under count four with the unlawful possession of a short-barreled shotgun as to the other gun. We must decide whether this second gun was a "short-barreled shotgun" within the the prohibition of Section 790.221, Florida Statutes. The evidence at trial established that this particular shotgun had a barrel length of 16 1/2 inches and an overall length of 26 inches, and was in operating condition.
Section 790.221(1), Florida Statutes provides that:
"(1) It is unlawful for any person to own or have in his care, custody, possession, or control any short-barreled rifle, short-barreled shotgun, or machine gun which is, or may readily be made operable; but this section shall not apply to antique firearms."
Section 790.001(10), Florida Statutes defines the term "short-barreled shotgun" as follows:
"(10) `short-barreled shotgun' means a shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if any such weapon as modified has an overall length of less than 26 inches."
Chapter 69-306 General Laws 1969, the genesis of Sections 790.221(1) and 790.001(10) is primarily concerned with the use of concealed weapons. It makes the use of such weapons "by persons engaged in criminal offenses" a felony. It prohibits the carrying of such a concealed weapon "on or about his person," and defines such weapons as a weapon "carried on or about a person in such a manner as to conceal said weapon from the sight of another person." It flatly prohibits a shotgun when the barrel or barrels are less than 18 inches regardless of the overall length of the gun. Then to prevent the cutting down of the other end of the gun, namely the stock, and thus enabling its concealment on the person, it prohibits any "modified or altered" shotgun having an overall length of less than 26 inches. We think the learned trial judge clearly understood this when he said, in replying to defense counsel's argument that any shotgun manufactured as a shotgun with no alterations but with a barrel less than 18 inches long was not prohibited by the statute, "but when you get into modifying them and changing them around, then the statute refers to overall length of it. So, you can have a short-barreled ... you can saw off a shotgun to 6 inches as long as you put a long stock on it? Its not an illegal shotgun? No way."
We hold the evidence supports the judgment of conviction on count four of the information. See State v. Astore, 258 So.2d 33 (Fla.2d DCA 1972).
AFFIRMED.
McCORD, Acting C.J., and DREW, E. HARRIS, (Retired) Associate Judge, concur.
MASON, ERNEST E., (Retired) Associate Judge, concurs in part and dissents in part.
MASON, ERNEST E., (Retired) Associate Judge, concurring in part, dissenting in part.
I concur in that portion of the opinion of the majority herein affirming the sentences *589 imposed under counts one, two and three of the information, but dissent from that portion which affirms the judgment of conviction of the charge contained in count four.
Under the definition of the term "short-barreled shotgun" set forth in Section 790.001(10), Florida Statutes, two kinds of weapons are proscribed by Section 790.221(1), Florida Statutes, one a regularly manufactured shotgun having one or more barrels less than eighteen inches in length, and second, any weapon made from a shotgun by alteration, modification or otherwise, if such weapon as so modified has an overall length of less than twenty-six inches. To fall within that first category the gun must be a regularly manufactured shotgun with at least one barrel having a length of less than eighteen inches. The second category encompasses an altered or modified shotgun having an overall length of less than twenty-six inches regardless of barrel length.
It is evident from the record herein that the gun in question was a shotgun which had been altered or modified. In fact, the defendant in his testimony repeatedly referred to it as a "sawed-off shotgun". Therefore, it does not come within the first category proscribed by Section 790.001(10), Florida Statutes. To be unlawful it would have to fall within the second category of an altered or modified shotgun. And to fall within such category of an altered or modified shotgun prohibited by the statute, the gun as modified must have an overall length of less than twenty-six inches. All of the evidence establishes that this gun had an overall length of from twenty-six and one-half to twenty-seven inches. Therefore, its possession is not made unlawful by the provisions of Section 790.221(1), Florida Statutes. It is for the legislature to define the elements of a criminal offense and in this instance the legislature having declared that to be prohibited by the statute the gun must have an overall length of less than twenty-six inches, it is not within the power of this Court to speculate that the legislature intended otherwise. Furthermore, the language of the statute is so clear as to the intent of the law-making body that no judicial mental gymnastics are required to determine that intent.