386 So.2d 808 (1980)
Robert M. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. MM-87.
District Court of Appeal of Florida, First District.
June 13, 1980.
Rehearings Denied August 19, 1980.
*809 Michael J. Minerva, Public Defender, Louis G. Carres and Margaret Good, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
SHAW, Judge.
Harper, charged with robbery and first-degree murder of Earl Phillip Guy,[1] was convicted of aggravated assault and third-degree murder[2] during the commission of which he carried, displayed and used a firearm. He was adjudicated guilty and sentenced to thirty years imprisonment for the murder and given a five-year concurrent sentence for the aggravated assault.
On its face, third-degree murder is a felony of the second-degree punishable by imprisonment for a term not exceeding fifteen years. Section 775.082, Florida Statutes (1977). It is apparent that the trial judge took into consideration Harper's use of a firearm to enhance the maximum sentence.[3] The sole issue before us is whether Harper has been twice punished for the same offense. We conclude that the judge's use of Florida's enhancement statute, in this instance, resulted in double punishment for the same criminal act.
In charging the jury the judge defined aggravated assault, a lesser included offense of robbery, as follows:
As for the crime of aggravated assault, it is a crime for one person to commit an aggravated assault upon another. An aggravated assault is an assault upon another made with a deadly weapon but without an intent to kill.
An assault is an intentional unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so and doing some act which creates a well-founded fear in such other person that such violence is imminent.
The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that: First, that Robert Harper did make an assault upon Earl *810 Phillip Guy; and second, that the assault was made with a deadly weapon, and a deadly weapon, as I have indicated, is any weapon in which the manner in which it is used or threatened to be used is likely to produce death or great bodily harm.
Aggravated assault, which is a third degree felony, is punishable by imprisonment in the state penitentiary not exceeding five years or by fine not exceeding $5,000 or both fine and imprisonment or the Court may place the Defendant on probation.
We note that aggravated assault is also an assault with an intent to commit a felony.[4] This charge, however, was not given to the jury. The conclusion is inescapable, therefore, that Harper's use of a gun during the commission of the assault resulted in the aggravated assault conviction which in turn formed the basis for the felony murder.[5]
The Supreme Court of Florida, in State v. Pinder, supra, held that where there was no evidence of premeditation upon which a jury could have based its verdict of guilty of first-degree murder the underlying felony was indispensable to the conviction. The defendant therefore could not be convicted of both first-degree murder and the felony which served as the basis for the murder conviction. Harper, like Pinder, was convicted of murder and the underlying felony upon which the murder conviction was based. Unlike Pinder, Harper chose not to appeal the multiple convictions, but chose only to attack the legality of the enhanced sentence on the ground that he was being twice punished for the same criminal act. Section 775.087(1), Florida Statutes provides that whenever a person is charged with a felony during the commission of which he displays, uses, threatens, or attempts to use any weapon or firearm, the felony for which he is charged shall be reclassified. The Legislature wisely carved out an exception, however, by providing that if the use of a weapon or firearm is an essential element of the felony charged, the felony shall not be reclassified. Harper seems to fall between the cracks, for use of a weapon or firearm is not necessarily an essential element of first-degree murder and § 775.021(4), Florida Statutes, which precludes separate sentencing for lesser included offenses, affords him little solace in that his enhanced sentence does not result from his conviction of a lesser included offense, but rather from his use of a gun in the perpetration of murder. Yet, absent use of the gun, he would not have been convicted of felony murder for which he was given fifteen years. Can the judge now enhance his sentence another fifteen years by revisiting his use of the gun? Pinder appears to speak to this issue when it quotes, with approval, the argument that the Constitution was designed as much to prevent the criminal from being twice punished for the same offense as for being twice tried for it. The enhanced sentence in the case at bar results in impermissible multiple punishment for the same offense and falls within the constitutional prohibition against double jeopardy. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). See also Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); and Johnson v. State, 366 So.2d 418 (Fla. 1978). The enhanced sentence of fifteen years is accordingly vacated.
ROBERT P. SMITH, Jr., J., concurs.
WENTWORTH, J., specially concurs, with opinion.
WENTWORTH, Judge, specially concurring.
I concur in the result reached by the majority for the reason that § 775.087(1), Florida Statutes, is expressly inapplicable *811 when "the use of a weapon or firearm is an essential element" of the substantive offense. Although a weapon is not an essential element of the substantive offense of felony murder in all cases, it is an essential element of the felony murder offense charged and proved in this case.[1] Appellant's felony murder conviction was predicated upon the underlying felony of aggravated assault, established by proof of an assault with a firearm. § 784.021(1)(a), Florida Statutes. The use of a weapon or firearm is an essential element of § 784.021(1)(a); such an aggravated assault is already an "enhanced penalty" offense, and § 775.087(1) may not be applied to enhance the sentence for a violation of § 784.021(1)(a). Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978). Since it was necessary to prove such an aggravated assault in order to establish the felony murder in this case, the elements of § 784.021(1)(a) were thus essential to this felony murder conviction, and § 775.087(1) is therefore inapplicable.
Without deciding the constitutional issue presented, I note that § 775.087(1) does not create a separate offense, but merely enhances the penalty for the original crime, due to aggravating circumstances. I also note that this case involves but a single prosecution, rather than multiple prosecutions. Various federal decisions cast doubt upon the applicability of the double jeopardy clause in such circumstances. See, e.g., Whalen v. U.S., 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (note 3, concurring opinion by J. Blackmun); Simpson v. U.S., 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) (dissenting opinion); U.S. v. Rodriguez, 612 F.2d 906 (5th Cir.1980). See also, Washington v. Mayo, 91 So.2d 621 (Fla. 1957); Thorpe v. State, 377 So.2d 221 (Fla. 1st DCA 1979).

ON PETITIONS FOR REHEARING
PER CURIAM.
The Court has considered Appellant's motion for rehearing, Appellee's petition for rehearing and Appellant's response to Appellee's petition for rehearing.
In his notice of appeal, Harper indicated that the appeal was taken "to review the jury verdict ... wherein the defendant was convicted of the crime of THIRD DEGREE MURDER (COUNT I) and AGGRAVATED ASSAULT (COUNT II), and to review the sentence and adjudication of guilt... ." The propriety of the conviction and sentence for aggravated assault was not thereafter briefed or argued and this issue was therefore treated as abandoned and not properly submitted for this Court's consideration.
Appellant's motion and Appellee's petition for rehearing are DENIED.
ROBERT P. SMITH, Jr., SHAW and WENTWORTH, JJ., concur.
NOTES
[1] The indictment, in separate Counts, charged the offenses of murder and robbery; two entirely different crimes, neither of which necessarily commands the use of a weapon or firearm as an essential element.

§ 812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
>§ 782.04 Murder. 
(1)(a) The unlawful killing of a human being, when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any arson, sexual battery, robbery, ... shall be murder in the first degree and shall constitute a capital felony, punishable as provided in s. 775.082.
[2] Harper does not appeal either conviction. Consequently the issue of whether he could be legally convicted, adjudicated guilty, and sentenced on both Counts is not before us. We note, however, that third-degree murder is defined as "The unlawful killing of a human being when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than arson, sexual battery, robbery, ..." The aggravated assault in the case at bar, was indispensable to Harper's murder conviction, and was subject to challenge. State v. Pinder, 375 So.2d 836 (Fla. 1979).
[3] Sec. 775.087(1), Fla. Stat., provides:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) ...
(b) In the case of a felony of the second degree, to a felony of the first degree.
A felony of the first degree carries a maximum thirty-year sentence. Sec. 775.082, Fla. Stat. (1977).
[4] Sec. 784.021, Fla. Stat. (1977) reads in relevant part:

(1) An "aggravated assault" is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
[5] The State points out, and we agree, that third-degree murder can be committed and proven without resort to the felon's use or display of a weapon or firearm. Such was not the case in the instant cause, however, where the jury has found the defendant innocent of all underlying felonies save aggravated assault accomplished by the use of a gun.
[1] The indictment charged commission of first degree murder by facts on which the jury was instructed and returned a guilty verdict on a charge of felony murder, based only on proof of an underlying felony of aggravated assault with a firearm.