410 So.2d 944 (1982)
Mallory WEBB, III, Appellant,
v.
STATE of Florida, Appellee.
No. XX-280.
District Court of Appeal of Florida, First District.
February 4, 1982.
Rehearing Denied March 25, 1982.
*945 Michael Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction of third degree felony murder and a sentence which was enhanced pursuant to § 775.087(1), Florida Statutes. We affirm the judgment of conviction, but reverse the enhanced sentence since § 775.087(1) is expressly inapplicable when "the use of a weapon or firearm is an essential element" of the substantive offense.
Although the use of a weapon is not an essential element of the substantive offense of felony murder in all cases, it is an essential element of the felony murder offense charged and proved in this case. Appellant's conviction was predicated upon an underlying felony of either aggravated assault or aggravated battery,[1] established by proof of an assault/battery involving the use of a firearm. See §§ 784.021(1)(a) and 784.045(1)(b), Florida Statutes. The use of a weapon or a firearm is an essential element of both of these offenses; such an aggravated assault/battery is already an "enhanced penalty offense, and § 775.087(1) may not be applied to enhance the sentence for these offenses. See Knight v. State, 374 So.2d 1065 (Fla.3d DCA 1979), fn. 2, and Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978). Since it was necessary to prove such an aggravated assault/battery in order to establish the felony murder in this case, the elements of the underlying offense were essential to this felony murder conviction, and § 775.087(1) is therefore inapplicable. See Harper v. State, 386 So.2d 808 (Fla. 1st DCA 1980) (concurring opinion).
Accordingly, appellant's sentence is vacated and the cause remanded for resentencing.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] The jury was instructed that the possible underlying felonies were aggravated assault, to wit: assault with a deadly weapon, and aggravated battery, to wit: battery involving the use of a deadly weapon. The deadly weapon referred to was appellant's firearm.