431 So.2d 274 (1983)
Felipe H. PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-505.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
James B. Gibson, Public Defender; Michael S. Becker, Asst. Public Defender and Brian R. Hanson, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
The issue on appeal is whether a defendant may be sentenced to the mandatory minimum term of three years imprisonment required by section 775.087(2), Florida Statutes (1981), upon conviction of a misdemeanor during the commission of which the defendant had a firearm in his possession. The trial court imposed such sentence. We reverse.
Appellant was charged with aggravated assault with a deadly weapon, without intent *275 to kill, under section 784.021(1)(a), Florida Statutes (1981), the deadly weapon being a firearm. The crime charged is a third-degree felony [§ 784.021(2)], punishable by imprisonment for a term not exceeding five years. Sec. 775.082(3)(d), Fla. Stat. (1981). Simple assault, on the other hand, is a second-degree misdemeanor, Section 784.011(2), punishable by a term of imprisonment not to exceed sixty (60) days. Sec. 775.082(4)(b). The jury found appellant guilty of attempted aggravated assault with a firearm. Under section 777.04(4)(d), if the offense attempted is a third-degree felony (as here), the person convicted shall be guilty of a misdemeanor of the first degree, punishable under section 775.082(4)(a) by a term of imprisonment not to exceed one year.
In sentencing appellant to a term of three years, the trial court recognized that the maximum term for a first-degree misdemeanor was one year, and imposed the sentence reluctantly, but felt bound by the decision in Gillman v. State, 346 So.2d 586 (Fla. 1st DCA 1977).
In Gillman, the court held that a defendant who was in possession of a shotgun while committing attempted aggravated assault would be subject to the punishment provisions of section 775.087(2). The court rejected appellant's argument that the offense of attempted aggravated assault is a first-degree misdemeanor and therefore should be punishable under section 777.04(4)(d) for a term not exceeding one year.
The Gillman court observed that section 777.04(1) states that punishment under section 777.04(4) is only applicable "when no express provision is made by law for the punishment of such attempt." Reasoning that the specific sentencing provisions of section 775.087(2) should prevail over the general sentencing scheme contained in section 777.04, the court held that sections 775.082(4)(a) [designating the penalty for first-degree misdemeanors] and 775.087(2) did not conflict. The court stated:
By upholding the trial court's sentences on these criminal attempts we give force and effect to both statutes, and hold that each has a legislative intended field of operation. Id. at 588.
In thus enhancing the penalty for attempted aggravated assault because a firearm had been used, the Gillman court overlooked what we believe was the clear intention of the legislature to apply the three-year mandatory minimum sentence of section 775.087(2) only to felonies, and not to misdemeanors. Section 775.087 came into existence through chapter 74-383, Laws of Florida, 1974, the title of which creates "... section 775.087, Florida Statutes, relating to felony reclassification for possession of weapons or for battery, and minimum sentence." Subsequent amendments were made by chapter 75-7, Laws of Florida 1975, which amended section 775.087(2) to provide "... minimum sentence for conviction of certain felonies involving the use of a firearm or destructive device ...", and by Chapter 75-298, Laws of Florida 1975, which contained the identical language in its title. The body of the statute itself, in listing the crimes to which it is applicable, specifically lists felonies and not misdemeanors.
Additionally, aggravated assault with a deadly weapon is an enhanced penalty crime, that is to say, the use of the weapon makes it a more serious crime than simple assault. Thus, section 775.087(1) does not enhance this crime further, because that section by its terms does not operate to further enhance felonies in which the use of a weapon or firearm is an essential element of the crime. Neither does section 775.087(2) act to enhance the penalty, because the purpose of the section imposing the three-year mandatory minimum sentence is not to increase the punishment, but to provide that there be a mandatory minimum period of incarceration of three years. The mandatory minimum sentence provision does not reclassify the offense to a higher degree nor authorize any greater maximum penalty for the crime. Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982); cert. den., 421 So.2d 68 (1982); Pooley v. State, 403 So.2d 593 (Fla. 1st DCA 1981); Bell v. State, 394 So.2d 570 (Fla. 5th *276 DCA 1981); Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980); Knight v. State, 374 So.2d 1065 (Fla. 3d DCA 1979).
Implied in the statutory language requiring a sentence of a "minimum term of three years" is the premise that the permissible punishment for the crime is greater than three years. Such is not the case where the conviction is for a misdemeanor.
To support its position here, the State raises only the proposition that Gillman is a correct construction of the statutes involved. We cannot agree, so we hereby certify that this decision is in direct conflict with Gillman.
The sentence imposed herein is set aside and the cause is remanded for resentencing as a first-degree misdemeanor, without regard to the mandatory minimum provisions of section 775.087(2), Florida Statutes (1981).
Sentence VACATED, cause REMANDED.
SHARP and COWART, JJ., concur.