449 So.2d 818 (1984)
STATE of Florida, Petitioner,
v.
Felipe PEREZ, Respondent.
No. 63787.
Supreme Court of Florida.
April 26, 1984.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for respondent.
McDONALD, Justice.
We have for review Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983), which the district court certified as being in direct conflict with Gillman v. State, 346 So.2d 586 (Fla. 1st DCA 1977). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, approve the decision under review, and disapprove Gillman.
The state charged Perez by information with aggravated assault with a deadly weapon, a firearm, in violation of section 784.021, Florida Statutes (1981). Perez also faced a minimum mandatory sentence of three years' imprisonment under subsection 775.087(2), Florida Statutes (1981) if convicted as charged. A jury found Perez guilty of attempted aggravated assault, resulting in a first-degree misdemeanor conviction instead of the third-degree felony charged. See § 777.04(d), Fla. Stat. (1981). Relying on Gillman, the trial court sentenced Perez to the three-year mandatory minimum term of imprisonment required by subsection 775.087(2), notwithstanding the one-year sentence cap on a first-degree misdemeanor conviction found in subsection 775.082(4)(a), Florida Statutes (1981). On appeal the fifth district directed the trial court to resentence Perez without applying the mandatory minimum sentence provisions of subsection 775.087(2). The fifth district reasoned that the legislature had intended the mandatory minimum sentence provisions to apply only to felonies, not misdemeanors. We agree.
Subsection 775.087(2) can logically be interpreted to sustain the trial judge and the first district in Gillman, but we prefer the analysis used by the fifth district in this case. As the decision under review points out, the legislative enactments creating and amending subsection 775.087(2) all refer to minimum sentences for felony convictions. *819 The statute was enacted to assure that anyone convicted of a felony involving the use of a firearm or destructive device would serve a minimum of three years' incarceration. It was a limitation on the trial judges' discretion when such weapons were used in committing a felony; it prohibited the parole commission from granting parole prior to the running of three years for those convicted of such crimes. We do not believe that it was the legislative intent and purpose of subsection 775.087(2) to impose the mandatory minimum sentence on a defendant convicted of the misdemeanor offense of attempted aggravated assault.
Accordingly, we choose to follow and approve the decision under review and disapprove Gillman insofar as it conflicts with our decision in this case.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion.
ALDERMAN, Chief Justice, dissenting.
I would approve the decision of the First District in Gillman v. State, 346 So.2d 586 (Fla. 1st DCA 1977).