509 So.2d 980 (1987)
Andra Lavon GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-921.
District Court of Appeal of Florida, Second District.
July 8, 1987.
*981 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Andra Lavon Griffin, appeals the order that sentenced him to serve seventeen years for aggravated battery and imposed costs under sections 943.25(4) and 960.20, Florida Statutes (1985) without notice and a hearing. Appellant's sentence was imposed after he pleaded guilty to several informations involving multiple counts. His negotiated plea was for seventeen years to run concurrent with sentences on several other informations. The plea negotiations did not specify the sentence for each count of each information.
Appellant argues first that the court erred when it sentenced him to seventeen years for an aggravated battery count because aggravated battery is a second degree felony carrying a maximum term of fifteen years. § 784.045, Fla. Stat. (1985). Under section 775.087, a second degree felony "shall" be reclassified as a first degree felony if committed with a weapon unless the use of a weapon was an essential element of the crime charged. The information in this case charged that appellant "unlawfully, actually and intentionally touch[ed] or ... [struck], or intentionally cause[d] bodily harm to ... [victim], and in so doing used a deadly weapon." Since the information charged only bodily harm and not great bodily harm the addition of the charge, "in so doing used a deadly weapon," was essential to constitute the offense of aggravated battery. See also Perez v. State, 431 So.2d 274 (Fla. 5th DCA), affirmed, 449 So.2d 818 (Fla. 1984).
Since appellant was sentenced for a second degree felony, and the maximum sentence for a second degree felony is fifteen years, the court erred in sentencing appellant to seventeen years on that count. Inasmuch as appellant agreed to a seventeen year sentence, on remand, the judgment and sentence should be corrected to reflect the aggravated battery sentence as fifteen years.
We also agree with appellant that the court improperly imposed costs under sections 943.25(4) and 960.20, Florida Statutes (1985). Burrow v. State, 487 So.2d 77 (Fla. 2d DCA 1986).
Consequently, we strike that part of the judgment assessing costs and remand to correct the sentence on the aggravated battery count to fifteen years and for a hearing in accord with the requirements of Jenkins v. State, 444 So.2d 947 (Fla. 1984), if costs are to be reassessed.
SCHEB, A.C.J., and LEHAN, J., concur.