534 So.2d 425 (1988)
William Dean PINKERTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1950.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
Rehearing Denied December 2, 1988.
James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was charged by indictment with first degree murder in the death of his wife, in that he "did kill and murder Joy Pinkerton by slitting the victim's throat with a knife." The jury found appellant "Guilty of the lesser included offense of Third Degree Murder With A Deadly Weapon in violation of F.S. 782.04(4)."
The court had instructed the jury that a finding of guilt on the lesser offense of third degree murder could be made only in the event that "the death occurred as a consequence of and while [defendant] was engaged in the commission of aggravated battery."[1] Because the jury had specifically *426 found that defendant had used a deadly weapon in the commission of the crime, see State v. Overfelt, 457 So.2d 1385 (Fla. 1984), the trial court reclassified the crime from a felony of the second degree to a felony of the first degree on the basis of section 775.087(1)(b), Florida Statutes (1987), which provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
* * * * * *
(b) in the case of a felony of the second degree, to a felony of the first degree. [Emphasis added].
Defendant contends this statute does not permit reclassification, because the use of the weapon is an essential element of the underlying felony of aggravated battery, relying on Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981). We agree and vacate the sentence.
An essential element of the third degree murder conviction here was the crime of the aggravated battery. Aggravated battery is a battery in the commission of which a person (a) intentionally or knowingly causes great bodily harm, permanent disability or permanent disfigurement, or (b) uses a deadly weapon. § 784.045(1), Fla. Stat. (1987). While it is true that an aggravated battery may be committed without the use of a deadly weapon, in this case the jury specifically found that defendant had committed the aggravated battery under subsection (b) of the statute, i.e., while using a deadly weapon. Therefore, the deadly weapon was an essential element of the underlying crime of aggravated battery, and reclassification was improper under the section of the statute which exempts from its operation a felony in which the use of a weapon is an essential element. Bell, supra; accord Griffin v. State, 509 So.2d 980 (Fla. 2d DCA 1987). See also Webb v. State, 410 So.2d 944 (Fla. 1st DCA), review denied, 421 So.2d 68 (Fla. 1982). But see Pedrera v. State, 401 So.2d 823 (Fla. 3d DCA 1981).
We vacate the sentence and remand the case for resentencing as a second degree felony.
Sentence VACATED. REMANDED.
COBB and COWART, JJ., concur.
COWART, J., did not participate in oral argument.
NOTES
[1] Section 782.04(4), Florida Statutes (1987) is one section of the felony murder statute which proscribes the unlawful killing of a human being without any design to effect death by a person engaged in the perpetration or attempt to perpetrate certain felonies, one of which is the felony of aggravated battery.