COWART, Judge.
The defendant was convicted on one count of aggravated battery with a deadly weapon (§ 784.045(l)(a)2., Fla.Stat.), one count of false imprisonment (§ 787.02, Fla. Stat.), and two counts of armed sexual battery (§ 794.011(3), Fla.Stat.). The defendant was sentenced to concurrent terms of life imprisonment on each count.
Aggravated battery with a deadly weapon (§ 784.045(l)(a)2., Fla.Stat.), is a second degree felony (§ 784.045(2), Fla.Stat.) punishable under section 775.082(3)(c), Florida Statutes, by a term of imprisonment not exceeding 15 years. Aggravated battery with a deadly weapon cannot be converted from a second degree felony to a first degree felony under section 775.087(l)(b) because that section does not apply to a felony in which the use of a firearm or weapon is an essential element. Lareau v. State, 573 So.2d 813 (Fla.1991.); Bell v. State, 394 So.2d 570 (Fla. 5th DCA 1981); Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987), rev. denied, 523 So.2d 578 (Fla. 1988); see also, State v. Perez, 449 So.2d 818 (Fla.1984); Pinkerton v. State, 534 So.2d 425 (Fla. 5th DCA 1988). Therefore, the sentence of life imprisonment on the aggravated battery conviction is beyond the statutory maximum of imprisonment not exceeding 15 years.
In addition, false imprisonment (§ 787.02, Fla.Stat.) is a third degree felony (§ 787.-02(2), Fla.Stat.) punishable under section 775.082(3)(d), Florida Statutes, by a term of imprisonment not exceeding five years. The sentence of life imprisonment imposed on the false imprisonment conviction is beyond the statutory maximum of imprisonment not exceeding five years.
The sentences imposed on the aggravated battery conviction and the false imprisonment conviction are vacated and the cause is remanded to the trial court for imposition of sentences within the statutory maximum.
SENTENCES VACATED; CAUSE REMANDED.
PETERSON and DIAMANTIS, JJ., concur.