W. SHARP, Judge.
Daniels appeals from his judgments and sentences for third degree felony murder with a firearm[1] and aggravated assault with a firearm.[2] He argues the trial court erred by reclassifying[3] his murder conviction from a second degree felony to a first degree felony because the use of a weapon was an essential element of the predicate felony, aggravated assault with a firearm.
The state concedes error. See Gonzalez v. State, 585 So.2d 932 (Fla.1991); Pinkerton v. State, 534 So.2d 425 (Fla. 5th DCA 1988); Webb v. State, 410 So.2d 944 (Fla. 1st DCA), rev. denied, 421 So.2d 68 (Fla.1982). Accordingly, we vacate Daniels’ sentence for third degree murder and remand the cause for resentencing as a second degree felony.
AFFIRMED in part; VACATED in part and REMANDED.
HARRIS, C.J., and THOMPSON, JJ., concur.

. § 782.04(4), Fla.Stat. (1989).

. § 784.021, Fla.Stat. (1989).

. Section 775.087, Florida Statutes (1989) provides for the reclassification of felonies involving the use or possession of a weapon in the commission of the felony, except a felony in which the use of the weapon is an essential element.