POLEN, Judge.
The state appeals an order of the trial court granting the defendant, Ira Graham’s, motion to dismiss an information charging him with possession of a short-barreled shotgun. We reverse.
The state filed an information charging Graham with possession of a short-barreled shotgun. Graham filed a motion to dismiss this information contending that because the barrel length of the gun was 17 inches and the overall length of the gun was 27¾ inches the shotgun did not fall within the purview of section 790.001(10), Florida Statutes, defining a short-barreled shotgun. The trial court agreed and granted the motion to dismiss.
Section 790.001(10), Florida Statutes (1993), provides in pertinent part:
“Short-barreled shotgun” means a shotgun having one or more barrels less than 18 inches in length, and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches.
The Broward Sheriffs Office Crime Laboratory Analysis Report stated that the examination of the shotgun found in Graham’s possession revealed a barrel length of 17 inches and an overall length of 27¾ inches. The trial court found that this shotgun was not a shotgun in accordance with the above statutory definition and gave the following-reasons for granting the motion to dismiss:
Well, as I read the statute, then it talks in terms of two different types of weapons. Originally, one has a barrel length of less than fifteen (sic) inches and is not that type of weapon because this one has been modified. But for modified shotguns, sawed off shotguns and weapons modified has an overall length of less then (sic) 26 inches. A short-barreled shotgun in this case I’m led to believe from the expert is 27 and a quarter inches. Therefore, it would qualify as a short-barreled shotgun. So, therefore, I will grant your motion to dismiss.
It appears that the trial court granted the motion as it believed only the second portion of the short-barreled shotgun definition applied because the shotgun at issue was modified. We disagree. See McDaniels v. State, 388 So.2d 259, 260 (Fla. 5th DCA 1980) (showing the length of a shotgun or its barrel is an essential element *1281 of possession of a short-barreled shotgun and must be proved). Further, in Gillman v. State, 346 So.2d 586, 588 (Fla. 1st DCA 1977), when affirming the defendant’s conviction for possession of a short-barreled shotgun, the court stated that section 790.001(10):
flatly prohibits a shotgun when the barrel or barrels are less that 18 inches regardless of the overall length of the gun. Then to prevent the cutting down of the other end of the gun, namely the stock and thus enabling its concealment on the person, it prohibits any modified or altered shotgun having an overall length of less than 26 inches. We think the learned trial judge clearly understood this when he said, in replying to defense counsel’s argument that any shotgun manufactured as a shotgun with no alterations but with a barrel less than 18 inches long was not prohibited by the statute “but when you get into modifying it and changing it around then the statute refers to the overall length of it. So you can have a short barreled ... you can saw off a shotgun to 6 inches as long as you put a long stock on it? It’s not an illegal shotgun? No way”.
This court has also previously rejected a defendant’s claim as to the definition of a short-barreled shotgun in Thomas v. State, 634 So.2d 317 (Fla. 4th DCA 1994), specifically referencing the Gillman opinion. Similarly, at bar, we rely on the reasoning of the Gillman court in our determination that the two categories of weapons created by the statute are not mutually exclusive, and that simply because the shotgun is altered or modified doesn’t mean that only the second category of shotguns applies. Rather, since the shotgun allegedly in Graham’s possession had a barrel of less than 18 inches, it falls within the first category of shotguns as defined in section 790.001(10). Accordingly, we hold that the trial court erred in granting Graham’s motion to dismiss and reverse and remand for further proceedings consistent with this opinion.
WARNER and STEVENSON, JJ., concur.