BROWNING, C.J.
Judgment was entered against the Appellant for attempted possession of a firearm by a convicted felon, and he was sentenced to a three-year minimum term under section 775.087(2)(a)l, Florida Statutes (2005). He now challenges the sentence, and we grant relief.
Section 775.087(2)(a)l reads as follows: Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
a. Murder;
b. Sexual battery;
c. Robbery;
d. Burglary;
e. Arson;
f. Aggravated assault;
g. Aggravated battery;
h.Kidnapping;
I.Escape;
j. Aircraft piracy;
k. Aggravated child abuse;
l. Aggravated abuse of an elderly person ...;
m. Unlawful throwing ... of a ... bomb;
n. Carjacking;
o. Home-invasion robbery;
p. Aggravated stalking;
q. Trafficking in cannabis ...; or
r. Possession of a firearm by a felon and during the commission of the offense, such person actually possessed a “firearm” or “destructive device” as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years, except that a person who is convicted for aggravated assault, possession of a firearm by a felon, or burglary of a conveyance shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a “firearm” or “destructive device” during the commission of the offense.
We agree with Appellant that attempted possession of a firearm by a convicted felon is not included in this statute because we believe the legislature did not intend to include the attempts of any of the crimes listed after the word “except” in the statute. There are three reasons for our belief.
First, as held in State v. Perez, 449 So.2d 818, 819 (Fla.1984), attempted aggravated assault is not included because it is a misdemeanor, and section 775.087(2)(a)l applies only to felonies. Second, burglary of a conveyance, whether occupied or unoccupied, is statutorily defined as taking place without a firearm. See § 810.02(3) & (4), Fla. Stat. (2005). Third, attempted possession of a firearm, *876 at least under the fact pattern in the instant case, logically excludes the possibility that the crime took place with a firearm. We draw the conclusion that these crimes were grouped together in the statute after the word “except” because the legislature understood that their attempts need not be subject to a mandatory minimum term.
Accordingly, we REVERSE the sentence and REMAND for resentencing.
ALLEN and VAN NORTWICK, JJ„ concur.