# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ADDARRYLL DORSEY, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3368

[March 24, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case No. 50-2017-CF-001078A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant was convicted of several offenses, including aggravated assault with a firearm and attempted felony murder. The trial court sentenced appellant to twenty years for the aggravated assault under section 775.087(2), Florida Statutes (2016), also known as the 10-20-Life statute, and designated him a prison releasee reoffender. As to the attempted felony murder conviction, the trial court sentenced appellant to life imprisonment pursuant to the 10-20-Life statute.

Appellant argues that his mandatory life sentence for a nonhomicide offense violates the Eighth Amendment and asks this court to extend the principles of *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012), to a twenty-year old adult. We decline to do so. *See Harmelin v. Michigan*, 501 U.S. 957, 994-96 (1991) (rejecting argument that mandatory life sentence without parole for possessing more than 650 grams of cocaine violated Eighth Amendment); Art. I, § 17, Fla. Const. ("The prohibition against cruel or unusual punishment, and the prohibition against cruel and unusual punishment, shall be construed in

conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution."); *Jean-Michel v. State*, 96 So. 3d 1043, 1045 (Fla. 4th DCA 2012) (rejecting argument that life sentences for nonhomicide crimes were unconstitutional pursuant to *Graham* because appellant was an adult at the time of the offenses). Accordingly, we affirm appellant's sentence for attempted felony murder.

Appellant also argues that his twenty-year sentence is illegal because an amendment to the 10-20-Life statute removed aggravated assault from the enumerated offenses before appellant committed the offense. The state correctly concedes error. Without a sentencing enhancement under the 10-20-Life statute, the maximum sentence for aggravated assault is five years in prison. §§ 784.021, 775.082(3)(e), Fla. Stat. Therefore, we reverse and remand for the trial court to resentence appellant for aggravated assault without applying the mandatory minimum sentence provisions of section 775.087(2). *State v. Perez*, 449 So. 2d 818, 818 (Fla. 1984).

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2