ALTENBERND, Judge.
James Lamar Williams appeals his convictions and sentences for attempted third-degree murder, felon in possession of a firearm, and tampering with physical evidence. We reverse the sentence for attempted third-degree murder and remand for resentencing on that charge.
A jury convicted the defendant of attempted third-degree murder and specifically found that he carried a firearm when he committed the offense in February 1992. Because of his prior record, the jury convicted him of possession of a firearm by a felon. The jury also convicted him of tampering with the evidence because he hid the firearm in some bushes at or near the scene of the crime while fleeing from the police. The trial court sentenced the defendant as a habitual offender for attempted third-degree murder with a firearm and ordered thirty years’ imprisonment with a three-year minimum mandatory term. It also imposed a concurrent thirty-year habitual offender sentence for felon in possession of a firearm and a consecutive ten-year habitual offender sentence for tampering.
Third-degree murder is a second-degree felony. § 782.04(4), Fla.Stat. (1991). Attempted third-degree murder is, thus, a third-degree felony. § 777.04(4)(c), Fla.Stat. (1991). The trial court enhanced this offense to a second-degree felony for the use of a weapon. § 775.087, Fla.Stat. (1991). The state concedes that under Vickers v. State, 630 So.2d 1229 (Fla. 2d DCA 1994), the enhancement was incorrect because the use of the weapon was an essential element of the crime charged. Thus, we reverse the sentence for attempted third-degree murder. On resentencing, this offense must be treated as a third-degree felony.
We find no error in the trial court’s decision to utilize habitual offender sentencing in this case. We note that the trial court imposed the consecutive habitual felony offender sentence prior to the supreme court’s decision in Hale v. State, 630 So.2d 521 (Fla. 1993). From this record, we cannot determine whether the tampering occurred under circumstances sufficiently separate from the attempted murder to permit a finding of two criminal episodes. Accordingly, on remand, the trial court must either determine that this case involves two criminal episodes or order the habitual offender sentences to be served concurrently.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and PARKER, J., concur.