437 So.2d 150 (1983)
Larry Alan STRICKLAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 62359.
Supreme Court of Florida.
July 28, 1983.
Rehearing Denied September 29, 1983.
*151 Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
In King v. State, 390 So.2d 315, 320 (Fla. 1980), cert. denied, 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 825 (1981), aff'd in part and rev'd in part on other grounds, State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), we held that attempts to commit a capital felony are sentenced as first-degree felonies and hence carry a maximum sentence of thirty years in the absence of a statutory provision authorizing a life sentence. Stating that there was no such authorizing statute, this Court vacated a life sentence that had been imposed. In Strickland v. State, 415 So.2d 808 (Fla. 1st DCA 1982), the First District Court of Appeal declined to follow King and instead affirmed a trial court ruling sentencing petitioner to life imprisonment for the offense of attempted first-degree murder with a firearm. We have jurisdiction of this cause pursuant to article V, section 3(b)(3), Florida Constitution, to resolve this conflict. For the reason expressed herein, we recede from King.
In the instant case, an information had been filed alleging that petitioner attempted to murder one Charles Hutto, with premeditation, by shooting him with a shotgun contrary to sections 775.087(2), 777.04 and 782.04, Florida Statutes (1981). After a jury trial, a verdict was returned finding petitioner guilty of attempted first-degree murder with a firearm. Petitioner was sentenced to life imprisonment, with the requirement that he serve three years before being considered for parole.
On appeal to the district court, petitioner argued his life sentence was illegal since the maximum sentence for the offense of attempted first-degree murder was thirty years. As authority, he relied upon King. The district court, instead, affirmed petitioner's sentence on authority of Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981). In Williams, the Second District Court of Appeal noted that this Court had made an "apparent mistake," 407 So.2d at 224, in its King opinion by not recognizing the applicability of section 775.087, Florida Statutes (1979). That statute provides that any first-degree felony when committed with a weapon or firearm is reclassified as a life felony unless the use of a weapon or firearm is an essential element of the felony. The correct maximum sentence, then, for attempted first-degree murder with a firearm, according to the district court, would be life in prison since the use of a weapon or firearm is not an essential element of attempted first-degree murder.
We agree with the position taken in Williams that we erred in deciding this sentencing issue in King. The complete discussion of this point on appeal is quite short:
The appellant [King] also contends that the trial court erred in sentencing him to life imprisonment for the attempted first-degree murder of McDonough. Attempts to commit a capital felony are sentenced as first-degree felonies, which always carry a maximum sentence of thirty years absent a statutory provision authorizing life. There is no such authorizing statute for attempted first-degree murder, thus the sentence of life was improper. The state concedes error, and the appellant must therefore be remanded to the trial judge for resentencing for the offense of attempted first-degree murder.
390 So.2d at 320. We noted that the state conceded error on this issue. By the state's mistake in conceding error, this Court was deprived of argument on the applicability of section 775.087. That statute was apposite to both King's and Strickland's cases. We regret, in addition, that we on our own did not discover the relevance of section 775.087 when we were deciding King. That error was decidedly ours.
*152 We hereby recede from the above-quoted language of King and hold that, pursuant to section 775.087, a first-degree felony shall be reclassified to a life felony if a weapon or firearm is used as long as the use of the weapon or firearm is not an essential element of the charged crime. In the instant case, when we look at the statutory elements of the offense, we find the use of a firearm not to be an essential element of the crime of attempted first-degree murder. Thus, the life sentence in the present case is correct.
Finally, we note that the First District in Strickland and the Second District in Williams apparently overlooked the principles laid down by this Court in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). We said there that the district courts are without authority to overrule supreme court precedents and are bound to follow the case law set forth by us. We also stated, "[t]his is not to say that the District Courts of Appeal are powerless to seek change; they are free to certify questions of great public interest to this Court for consideration." 280 So.2d at 434. In the instant case, the proper course that the district court should have followed would have been to reverse petitioner's life sentence on authority of our decision in King and then to certify to this Court the question of the correctness of King in light of section 775.087. That correct action was not taken.
For the reason expressed above, we approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.