SHIVERS, Judge.
Appellant, defendant below, pled guilty to second-degree murder and attempted first-degree murder and was sentenced to life imprisonment on each count. He then filed a motion for post-conviction relief, asserting (1) that he was denied effective assistance of counsel in that his trial counsel misled him as to the consequences of his plea, and (2) that he was erroneously sentenced to life for attempted first-degree murder where the maximum allowable sentence was 30 years under King v. State, 390 So.2d 315 (Fla.1980). Appellant now appeals the trial court’s denial without hearing of his motion for post-conviction relief. We affirm on both issues.
First, the portion of the record attached to the final order shows that the trial judge fully explained the sentence, the terms of the plea, and its consequences. Further, the appellant stated, under oath, that he understood the sentence, that his plea was entered with his consent, that he was not threatened nor was he promised anything in exchange for his plea, and that he was satisfied with the services of his attorney. Thus, the record adequately refutes the first allegation in the motion for post-conviction relief.
The trial court was also correct in finding the sentence to be legal and proper. Although a life sentence for attempted first-degree murder would not have been proper under King v. State, supra, the supreme court has receded from the portion of that decision which affects the instant ease. Strickland v. State, 437 So.2d 150 (Fla.1983). In Strickland, the appellant was found guilty of attempted first-degree murder with a firearm and was sentenced to life imprisonment. The court held that, pursuant to section 775.087, Florida Statutes, a first-degree felony is to be reclassified to a life felony if a weapon or firearm is used, so long as its use is not an essential element of the crime. Therefore, since use of a firearm is not an essential element of attempted first-degree murder, the life sentence was proper. In the instant case, the record on appeal indicates that appellant used a firearm in the commission of the attempted first-degree murder to which he pled guilty. Thus, the trial court’s holding with regard to the second issue was also correct.
We note that the record contains a petition for rehearing in which appellant raised as a third ground for post-conviction relief the imposition of consecutive mandatory minimum sentences where the two offenses arose from the same criminal transaction. Although possibly meritorious, this issue was not heard by the trial court and, therefore, need not be addressed by this court.
Accordingly, the order is AFFIRMED.
WENTWORTH and WIGGINTON, JJ„ concur.