569 So.2d 782 (1990)
Guadalupe GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2542.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Rehearing and Certification Denied December 5, 1990.
*783 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We affirm appellant's conviction and sentence, except as to costs. The appellant was charged with one count of second-degree murder, with a firearm, and three counts of attempted second-degree murder, with a firearm. The shootings occurred in a barroom. The appellant was convicted of the lesser included offenses of third-degree murder, with a firearm, and three counts of aggravated battery, with a firearm. The court enhanced the third-degree murder conviction, a second-degree felony if committed without a firearm, to a first-degree felony.
The appellant first argues that the state systematically excluded a black juror by the exercise of a peremptory challenge. He additionally asserts that the court may not enhance the conviction to a first-degree felony.
The appellant objected to the excusing of one juror. That juror stated that one of her children had some kind of conflict with the law and had gone to trial within the past year. The excused juror was Afro-American, the defendant was of Hispanic descent. The appellant notes that another juror, who stated that she had been raised in Mexico and worked for the Immigration and Naturalization Service, had been excused earlier without objection. However, there is nothing in the record to indicate that she was a member of a particular minority group.
The appellant has failed to meet his burden of demonstrating a substantial likelihood that the challenges were motivated solely by race. The trial court, specifically referring to the statements and responses in voir dire, found that there was no racial motivation for the challenges. Additionally, the court recognized that the appellee could offer a racially neutral explanation, supported by the record, for the challenge. The involvement of a juror's close family member with the law is a valid reason for a peremptory challenge. Cf. Sampson v. State, 542 So.2d 434 (Fla. 4th DCA 1989). See also United States v. Vaccaro, 816 F.2d 443 (9th Cir.1987), cert. denied, 484 U.S. 928, 108 S.Ct. 295, 98 L.Ed.2d 255 (1987). The state is not required to provide any additional explanation. See Reed v. State, 560 So.2d 203 (Fla. 1990); Smith v. State, 562 So.2d 787 (Fla. 1st DCA 1990); Davis v. State, 560 So.2d 1346 (Fla. 3d DCA 1990); Verdelotti v. State, 560 So.2d 1328 (Fla.2d DCA 1990); Adams v. State, 559 So.2d 1293 (Fla. 3d *784 DCA), dismissed, 564 So.2d 488 (1990); Stephens v. State, 559 So.2d 687 (Fla. 1st DCA 1990); Knight v. State, 559 So.2d 327 (Fla. 1st DCA 1990).
Third-degree murder, a second-degree felony, may be enhanced to a first-degree felony if the defendant uses a firearm. See § 775.087(1)(b), Fla. Stat. Cf. Andrade v. State, 564 So.2d 238 (Fla. 3d DCA 1990); State v. Smith, 470 So.2d 764 (Fla. 5th DCA 1985), approved, 485 So.2d 1284 (1986). However, the appellant argues that his use of the firearm was an essential element of the crime. The court gave the third-degree murder charge, at the defendant's request, to afford him the benefits of a lesser included offense conviction, notwithstanding some question as to whether there was a basis for it in the record. We note that the appellant does not challenge his conviction nor deny that the verdict form included a finding that he committed the offense with a firearm. Appellant simply asserts that his use of the firearm must be considered an essential element.
However, the mere fact that a firearm is used in the commission of a crime does not necessarily make it an essential element of that crime. Cf. Ingraham v. State, 527 So.2d 222 (Fla. 5th DCA), rev. denied, 534 So.2d 400 (1988); Strickland v. State, 415 So.2d 808 (Fla. 1st DCA 1982), aff'd., 437 So.2d 150 (1983); Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981); Pedrera v. State, 401 So.2d 823 (Fla. 3d DCA 1981). We acknowledge conflict with Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989).
Therefore, the judgment and sentence, except as to costs, is affirmed. As to costs, the sentence is reversed and remanded for resentencing. See Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984).
POLEN, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part.
I concur in the affirmance of appellant's conviction but disagree as to the enhancement issue.
In Lareau v. State, 554 So.2d 638 (Fla. 4th DCA 1989), this court noted that a defendant convicted of aggravated battery by using a weapon, may not be subjected to further enhancement of the penalty because when so charged the use of a weapon is an essential element under the aggravated battery offense set out in section 784.045(1)(b). This is true even though the offense of aggravated battery may be alleged and proven without involvement of a weapon. See also Cherry v. State, 540 So.2d 146 (Fla. 4th DCA 1989); Costantino v. State, 521 So.2d 338 (Fla. 4th DCA 1988). In other words, we have previously held that even though use of a weapon is not a necessary element in every aggravated battery case, when it is charged that way it is not proper to enhance the conviction. The same situation is involved herein where the appellant was convicted of third degree murder and the predicate felony involved the use of a weapon.
In Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982), the First District determined that since it was necessary to prove aggravated assault involving the use of a firearm in order to establish a felony murder conviction, the elements of the underlying felony were essential to the felony murder conviction. Accordingly, the enhancement statute was inapplicable to such a conviction. The court applied the same logic with respect to a homicide conviction with an underlying charge of shooting into an occupied vehicle in Vause v. State, 424 So.2d 52 (Fla. 1st DCA 1982). Although reversed on other grounds, the supreme court approved the First District's opinion as it related to the instant issue in Vause v. State, 476 So.2d 141 (Fla. 1985).
In Pinkerton v. State, 534 So.2d 425 (Fla. 5th DCA 1988), the Fifth District similarly disapproved enhancement in a third degree murder case where aggravated battery was the underlying felony:
"While it is true that an aggravated battery may be committed without use of a deadly weapon, in this case the jury specifically found that defendant had committed *785 the aggravated battery under subsection (b) of the statute, i.e. while using a deadly weapon."
534 So.2d at 426.
Recently, in Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989), the Second District held that the defendant's conviction for third degree murder could not be enhanced where the jury was instructed that in order to convict, it had to find that the defendant had used a weapon in committing an aggravated battery on the victim. In reaching its conclusion, the court reasoned:
First, under Miller v. State, 460 So.2d 373 (Fla. 1984), appellant's second degree murder charge, for purposes of reclassification, included all lesser offenses. Thus, he was effectively charged with third degree murder. Second, although all third degree murder charges do not necessarily involve the use of a weapon (section 782.04(4), Florida Statutes (1987)), the information here specifically charged appellant with the use of a weapon. Third, the third degree murder jury instruction specifically required that in order to find appellant guilty of third degree murder, the jury would have to find that appellant had used a deadly weapon in the course of a battery. Finally, the jury was asked to and did make a specific finding that appellant used a weapon during the commission of the offense.
541 So.2d at 1228-1229.
In State v. Trejo, 555 So.2d 1321 (Fla. 2d DCA 1990), the court applied the same reasoning in striking an enhancement.
In the instant case, the appellant was charged with second degree homicide "by shooting said Vincente Jimenez with a firearm." The lesser-included third degree murder conviction was specifically based on the underlying charge of unlawful discharge of a destructive device to wit, a firearm.[1] On third degree murder, the trial court instructed the jury: "... the State must prove the following three elements beyond a reasonable doubt... The death occurred as a consequence of, and while the defendant was engaged in the commission of a crime of unlawfully discharging a destructive device." In the verdict, the jury found that the appellant had a firearm during the commission of the felony murder. Under our decision in Lareau and the other case law set out above, enhancement is not allowed herein since the third degree murder conviction was necessarily predicated on appellant's unlawful discharge of a firearm.
NOTES
[1] Section 790.001(6), Florida Statutes, defines "firearm" to include "any destructive device." Section 790.001(13) defines weapon to include ... "chemical weapon or device, or any other deadly weapon except a firearm or pocketknife." All of the items listed under the definition of "destructive device" are probably considered to be deadly weapons. See Section 790.001(4), Florida Statutes (explosive, incendiary, or poison gas bomb, grenade, mine, rocket, missile, or similar device; and includes ... (definition of firearm)). Thus, the "destructive device" charge on which the appellant's third degree murder conviction is grounded requires proof of the use of a "weapon" or "firearm."

If "destructive device" could possibly encompass something other than the use of a weapon or firearm, then the particular facts of this case become more significant. In the instant case, the information refers to "by shooting ... a firearm." The only "destructive device" that was alleged or proven is a firearm. The jury found that the appellant had a firearm during the commission of the felony murder.