585 So.2d 932 (1991)
Guadalupe GONZALEZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 77078.
Supreme Court of Florida.
September 12, 1991.
Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen., and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We review Gonzalez v. State, 569 So.2d 782 (Fla. 4th DCA 1990), which directly and expressly conflicts with Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989).[1] We quash in part the decision below.
*933 Gonzalez was charged with one count of second-degree murder with a firearm, and three counts of attempted second-degree murder with a firearm. He was convicted of the lesser included offenses of third-degree murder with a firearm, and three counts of aggravated battery with a firearm. The trial court enhanced the third-degree murder conviction, which is a second-degree felony when committed without a firearm, to a first-degree felony pursuant to section 775.087(1)(b), Florida Statutes (1987).[2] Gonzalez appealed the enhancement, asserting that use of a firearm is not a valid reason for enhancement under these circumstances because use of a firearm was an essential element of the crime for which he was convicted. The district court affirmed but acknowledged conflict with Franklin v. State.
We find that this issue is controlled by Lareau v. State, 573 So.2d 813 (Fla. 1991), where we held that although aggravated battery causing great bodily harm can be enhanced pursuant to section 775.087(1) because the use of a weapon is not necessary to cause great bodily harm, the crime of aggravated battery with the use of a deadly weapon is not subject to reclassification because the use of a weapon is an essential element of the crime. In this case, the jury was instructed that the use of a firearm was an essential element of third-degree felony murder.[3] Rather than reiterating the analysis, we adopt Judge Anstead's opinion on this issue as our opinion in this case, Gonzalez, 569 So.2d at 784-85 (Anstead, J., concurring in part and dissenting in part); see also Franklin; and conclude that the enhancement was improper on these facts.
We approve Franklin and quash the decision below to the extent that it conflicts with this decision. We vacate Gonzalez's sentence for third-degree murder and remand for resentencing in accordance with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
Had Gonzalez been charged by information or indictment of third-degree murder by committing an underlying felony of aggravated battery using a firearm, I would concur. His charge was second-degree murder using a firearm, which is a life felony. At his request, the jury was charged with the lesser-degree crime of third-degree murder. Third-degree murder without use of a firearm is a second-degree felony, but if enhanced becomes a first-degree felony. The jury convicted of this lesser charge of third-degree, but found it was accomplished with a gun.
The jury was aware of the degrees of crime and, in effect, pardoned Gonzalez from a life felony to a first-degree felony. I believe the trial judge correct in treating it as such and under these circumstances *934 disagree that Lareau v. State, 573 So.2d 813 (Fla. 1991), controls.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Section 775.087(1)(b), Florida Statutes (1987), provides in relevant part:

775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
... .
(b) In the case of a felony of the second degree, to a felony of the first degree.
[3] At oral argument, the state advised the Court that the jury had been instructed on the improper underlying felony to third-degree murder. The defendant did not raise this issue at trial or on appeal nor does he ask us to address it now. Moreover, the defendant was convicted of aggravated battery with a firearm which is an appropriate underlying felony to third-degree murder. Therefore, we do not address this issue.