590 So.2d 526 (1991)
Darryl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01142.
District Court of Appeal of Florida, Second District.
December 11, 1991.
James Marion Moorman, Public Defender, and Wendy E. Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Darryl Williams, challenges the judgments and sentences imposed upon him after he was found guilty by a jury of the crimes of attempted robbery with a firearm and aggravated battery with a firearm. We find no merit in the appellant's contentions concerning his trial and, accordingly, affirm the convictions. We do find, however, that the appellant was improperly sentenced and, therefore, remand for resentencing.
The appellant contends, and we agree, that the trial court erred in reclassifying the offense of attempted robbery with a firearm to a first degree felony in preparing the guidelines scoresheet. Before a court may reclassify a felony, it must be shown that a defendant is charged with a felony for which the use of a weapon or firearm is not an essential element, and the jury must make a factual finding that the defendant used a weapon or firearm. Section *527 775.087(1), Fla. Stat. (1987); Franklin v. State, 541 So.2d 1227 (Fla. 2d DCA 1989), approved, Gonzalez v. State, 585 So.2d 932 (Fla. 1991). In this case, the information charged the appellant with carrying a firearm in the course of the attempted robbery, and the use of a firearm was an essential element. The trial court, accordingly, erred when it reclassified the offense, a second degree felony, as a first degree felony. Sections 812.13(2)(a), 777.04(4)(b), Fla. Stat. (1987).
We, accordingly, remand for resentencing based upon a corrected scoresheet reflecting the attempted robbery with a firearm conviction as a second degree felony. If the appellant is once again placed upon probation as part of his sentence, we remind the trial court that conditions of probation must be reasonably related to the offense for which a defendant is convicted. Grubbs v. State, 373 So.2d 905 (Fla. 1979). See also Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979).
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and DANAHY and PARKER, JJ., concur.