PER CURIAM.
Appellant, Daryl Anthony Roulhac, appeals from his convictions and sentences for attempted robbery with a firearm and attempted first-degree felony murder with a firearm arising out of a single criminal episode. We affirm the convictions and the trial court’s sentencing of appellant as an habitual offender for the offense of attempted first-degree felony murder with a firearm. Because the trial court erred in imposing consecutive habitual offender sentences for crimes arising out of a single criminal episode, we reverse and remand for resentencing.
*204 Appellant argues that the trial court erred in sentencing him as an habitual offender for the offense of attempted first-degree felony murder with a firearm. Appellant asserts that, under section 775.087, Florida Statutes, the conviction for attempted first-degree felony murder with a firearm must be enhanced to a life felony and that life felonies are exempt from the operation of the habitual offender statute. We hold that the trial court properly sentenced appellant ' as an habitual offender for the offense of attempted first-degree felony murder with a firearm. Reclassification under section 775.087, Florida Statutes, is improper when the use of a firearm is an essential element of the crime charged. Lamont v. State, 610 So.2d 435 (Fla.1992); Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982), rev. denied, 421 So.2d 68 (Fla.1982). In the present case, appellant was charged with attempted felony murder with the underlying felony being attempted robbery with a firearm. Count II of the information specifically alleged that appellant:
[W]hile engaged in the perpetration of, or an attempt to perpetrate a felony, to-wit: robbery of William B. Thomas, and in such attempt did an act toward the commission of such offense, to-wit: shooting the said William B. Thomas, but was prevented or faded in the execution of same, and during the commission of such felony the defendant carried, displayed, used, threatened or attempted to use a weapon or firearm,
[[Image here]]
It is apparent from both the information and the jury’s verdict that appellant was found guilty of the underlying felony of attempted robbery with a firearm under section 812.13(2)(a), Florida Statutes. Conviction under this section of the statute requires use of a firearm. Williams v. State, 590 So.2d 526 (Fla. 2d DCA 1991); Skipper v. State, 400 So.2d 797 (Fla. 1st DCA 1981), reversed on other grounds, 420 So.2d 877 (Fla.1982). Thus, reclassification was not applicable and appellant was correctly sentenced as an habitual offender under section 775.087, Florida Statutes.
Appellant argues that the trial court erred in imposing consecutive habitual offender sentences for crimes committed in a single episode. The state concedes error in the trial court’s imposition of consecutive habitual offender sentences based on the decision of the Florida Supreme Court in Brooks v. State, 630 So.2d 527 (Fla.1993) (consecutive enhanced sentences may not be imposed under habitual offender statute for crimes arising out of a single criminal episode).
Accordingly, we reverse and remand with instructions that appellant’s habitual offender sentences be imposed to run concurrently. We affirm in all other respects.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.