FRANK, Acting Chief Judge.
Joseph R. Wallace was convicted of felony second degree murder with a firearm, and armed burglary of a dwelling with a firearm. He contends that his sentence was illegally enhanced because of the firearm. We agree.
During the commission of a burglary, one of the criminal participants was shot and killed. The court imposed a sentence of forty years in prison on the murder charge, which was classified as a life felony. On the armed burglary charge, which was classified as a first degree felony punishable by life, the court imposed a concurrent term of thirty years in prison as a habitual felony offender with a minimum mandatory sentence of fifteen years in prison. Three year firearm minimum mandatory sentences were imposed concurrently on each charge.
The use of the firearm was an essential element of the burglary defined by section 810.01(2)(b), Florida Statutes (1993). The charge of armed burglary with a firearm provided the underlying support for the felony murder conviction. Thus, the trial court should not have enhanced the felony murder conviction based upon the use of a firearm. See Gonzalez v. State, 585 So.2d 932 (Fla.1991) (incorporating the concurring in part and dissenting in part opinion of Judge An-stead in Gonzalez v. State, 569 So.2d 782 (Fla. 4th DCA 1990)); Roulhac v. State, 648 So.2d 203 (Fla. 1st DCA 1994).
Because the trial court erred in enhancing the felony murder conviction from a felony in the first degree to a life felony, we reverse and remand for resentencing.
LAZZARA and QUINCE, JJ., concur.