683 So.2d 1089 (1996)
STATE of Florida, Appellant,
v.
Deleon Franklin TINSLEY, Appellee.
No. 96-966.
District Court of Appeal of Florida, Fifth District.
November 15, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellant.
James M. Sowell, Jr., Leesburg, for Appellee.
W. SHARP, Judge.
The state appeals from the trial court's order which granted Tinsley's motion filed pursuant to rule 3.800 by reducing his attempted second degree murder charge from a first degree felony to a second degree felony. The trial court reasoned that it had been improper to enhance the attempted second degree murder offense pursuant to section 775.087(1) to a first degree offense because use of a weapon was an essential element of the offense as charged. We disagree and reverse.
In this case, Tinsley pled guilty to three attempted first degree murder charges, which included one count of attempted second degree murder with a weapon, and two counts of attempted third degree murder. Based on section 775.087(1), Florida Statutes (1993), the trial court reclassified the second degree murder offense to a first degree felony.[1] The information charged that Tinsley attempted to kill the victims with a knife.
Section 775.087(1) provides:

*1090 Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified .... (emphasis supplied)
Whether the attempted second degree murder charge should have been reclassified pursuant to section 775.087(1) depends on whether section 775.087(1) refers to an "essential element" set forth in an information, or whether it refers to a required and necessary element of the crime as set forth by the particular substantive criminal statute. In this case, the element of use of the knife appears solely in the information. Second degree murder can be attempted in a variety of ways other than by use of a knife or weapon. That statute does not require as an essential element that a knife or any other weapon be used.[2]
The proper reference in section 775.087(1) is to the substantive criminal law which defines the crime in question. In an analogous case, Strickland v. State, 437 So.2d 150 (Fla. 1983), the Florida Supreme Court held that a first degree attempted murder charge was properly enhanced by section 775.087(1) to a life felony. The defendant had been charged by information with attempting to murder a victim with a shotgun. In affirming the enhancement, the court said: "We find the use of a firearm not to be an essential element of the crime of attempted first degree murder." 437 So.2d at 152.
In Miller v. State, 460 So.2d 373 (Fla. 1984), the court reaffirmed this interpretation of section 775.087(1). Miller had been charged with second degree murder by shooting a victim with a handgun. The jury returned a verdict of attempted second degree murder and the trial judge enhanced the crime from a second degree felony to a first degree felony, as in this case. The court upheld that reclassification, although the issue argued in that appeal was whether reclassification was proper when a defendant is convicted of a lesser included offense. However, implicit in the court's affirmance in Miller, is its holding in Strickland, that the "essential element of the crime" language of section 775.087(1) references the substantive criminal law, and not the allegations of the information or indictment.
REVERSED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] Attempted second degree murder is a second degree felony. In this case, the trial judge reclassified this charge to a first degree felony pursuant to section 775.087(1).
[2] Second degree murder is defined as: "The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without an premeditated design to effect the death of any particular individual." § 782.04(2), Fla. Stat. (1993).