710 So.2d 172 (1998)
Oscar TRAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2116.
District Court of Appeal of Florida, Third District.
April 22, 1998.
*173 Oscar Traylor, in pro. per.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before NESBITT, GERSTEN and FLETCHER, JJ.

On Motion for Rehearing
PER CURIAM.
Oscar Traylor moves for rehearing alleging that this court's earlier opinion in this case, Traylor v. State, 23 Fla. L. Weekly D213 (Fla. 3d DCA Jan.14, 1998), erroneously relied on State v. Gray, 654 So.2d 552 (Fla.1995). We hereby deny Traylor's motion for rehearing but grant his motion for clarification. We withdraw the previous opinion in this case and substitute the following in its place.

Corrected Opinion
Oscar Traylor appeals the denial of the Rule 3.800 motion in which he challenged his sentences below for attempted first-degree murder with a deadly weapon and attempted sexual battery with a deadly weapon. Traylor argues that the reclassification of these crimes pursuant to section 775.087, Florida Statutes (1995), was improper and that the resultant enhanced sentences awarded were illegal, in that use of a weapon was, under the facts of his case, an essential element of the crimes charged. We agree as to the attempted sexual battery offense but not as to the attempted first-degree murder offense.

I. Procedural History
In April 1988, Traylor was convicted of (1) attempted sexual battery with a deadly weapon, (2) attempted first-degree murder with a deadly weapon, and (3) trespass of an occupied dwelling with a dangerous weapon. We will discuss the first two charges only. The information under which Traylor was charged listed the offenses as: (1) attempted sexual battery "and in the process thereof [Traylor] used or threatened to use a DEADLY WEAPON, to wit: a KNIFE or OTHER SHARP OBJECT"; (2) attempted murder in the first degree "from a premeditated design... or while engaged in the perpetration of, or in an attempt to perpetrate a BURGLARY and/or a SEXUAL BATTERY ... and in such attempt [Traylor] did stab [the victim]... with a KNIFE or OTHER SHARP OBJECT." Thus, both offenses as charged in the information specifically indicated that the offense was committed with a deadly weaponin this case, a knife. Further, the jury *174 verdict forms specifically found the defendant guilty of the offenses "with a deadly weapon."
Following section 775.087, Florida Statutes (1995), a felony shall be reclassified as the next higher degree of felony when the use (or threatened or attempted use) of a firearm or weapon is involved, unless the use of a firearm or weapon is an essential element of the felony.[1] Upon Traylor's conviction of attempted first-degree murder, therefore, the trial court reclassified that crime, a firstdegree felony, to a life felony and sentenced Traylor to life imprisonment. On the attempted sexual battery conviction, the trial court properly listed the crime as a seconddegree felonythat is, it did not reclassify the crimebut nevertheless enhanced Traylor's sentence.

II. Attempted First-Degree Murder Conviction
Traylor was charged with and convicted of attempted firstdegree murder, a violation of section 782.04(1), Florida Statutes (1995). Section 782.04(1) comprises both premeditated murder, § 782.04(1)(a)1, and felony murder, § 782.04(1)(a)2. Neither premeditated murder nor felony murder (where the underlying felony was burglary or sexual battery, as here)[2] include use of a weapon as an essential element. See § 782.04(1)(a), Fla. Stat. (1995). Attempted first-degree murder (of either variety)[3] is a first-degree felony if the crime is charged as a capital felony, as here. See § 777.04(1), Fla. Stat. (1995). Neither attempted premeditated murder nor attempted felony murder[4] include use of a weapon as an essential element, so it matters not which variety of attempted murder Traylor was convicted of.
Following section 775.087(1), the trial court properly reclassified Traylor's attempted first-degree murder conviction from a first-degree felony to a life felony and properly enhanced Traylor's sentence because Traylor used a weapon in the attempt. Strickland v. State, 437 So.2d 150 (Fla.1983), controls. Strickland held that attempted first-degree murderthe same crime as charged heremust be reclassified to a life felony if a weapon is used because the use of a weapon is not an essential element of the offense of first-degree murder. The Supreme Court looked to the statutory elements of the offense, and not to the information charging the defendant, in making this determination. See Strickland, 437 So.2d at 152. This approach was recently reemphasized by the fifth district in State v. Tinsley, 683 So.2d 1089, 1090 (Fla. 5th DCA 1996):
Whether the attempted second-degree murder charge should have been reclassified pursuant to section 775.087(1) depends on whether section 775.087(1) refers to an "essential element" set forth in an information, or whether it refers to a required and necessary element of the crime as set forth by the particular substantive criminal statute. *175 In this case, the element of use of the knife appears solely in the information. Second-degree murder can be attempted in a variety of ways other than by use of a knife or weapon. That statute does not require as an essential element that a knife or any other weapon be used.... The proper reference in section 775.087(1) is to the substantive criminal law which defines the crime in question.
Thus, we agree with the trial court that reclassification and enhancement of Traylor's sentence for the attempted first-degree murder conviction was proper.

III. Attempted Sexual Battery Conviction
As with the murder charge above, with the sexual battery charge, we must look to the statute defining the offense. Traylor was charged with and convicted of attempted sexual battery under subsection 794.011(3), Florida Statutes (1995). The statutory definition of sexual battery in that subsection is: "sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury."
Further, the information under which Traylor was charged specifically indicated that "in the process [of the attempted sexual battery][Traylor] used or threatened to use a DEADLY WEAPON, to wit: a KNIFE or OTHER SHARP OBJECT." Thus, in the instant case, use of a deadly weapon was an "essential element" of the attempted sexual battery as charged and under the specific statutory section with which Traylor was charged.
The fact that section 794.011(3) does not always involve use of a deadly weaponi.e., because it can also be charged when the defendant commits sexual battery without a weapon but with actual physical forcedoes not mean that use of a weapon was not an essential element in the instant case. We believe the crime of attempted sexual battery is analogous to the crime of felony murder in this regard. Cases involving felony murder, where the underlying felony was aggravated battery using a weapon, have not allowed reclassification and enhancement based on section 775.087(1).
As with the crime of sexual battery, the crime of aggravated battery is not always committed using a weapon. The aggravated battery statute, section 784.045, is separated into subparagraphs (1)(a)1intentionally or knowingly causes great bodily harmand (1)(a)2uses a deadly weapon. Nonetheless, when a defendant is charged under section 784.045(1)(a)2 in the indictment or information and the jury specifically finds that the defendant committed the battery with a weapon, then the use of the weapon is considered to be an essential element of the offense, barring reclassification of the crime and enhancement of the sentence under section 775.087(1). See Gonzalez v. State, 585 So.2d 932 (Fla.1991) (aggravated battery with a deadly weapon cannot be reclassified because use of the weapon is an essential element of the crime).[5]
Further, the fifth district recently held that it was improper to reclassify and enhance the sentence of a defendant convicted of attempted sexual battery with a weapon the very offense charged in the instant casebecause the use of a weapon was an essential element of the crime. That court stated:
The record demonstrates that the defendant used a deadly weapon in the attempt to commit the sexual battery and the state concedes that defendant was convicted of attempted sexual battery while armed, not attempted sexual battery with physical force likely to cause injury. This distinction is important because sexual battery while armed is a second-degree felony which cannot be enhanced for use of a *176 weapon since use of a weapon is an essential element of the offense.
Holloway v. State, 668 So.2d 627, 628 n. 5 (Fla. 5th DCA 1996). Because it is necessary to use a weapon to commit the offense of "attempted sexual battery with a deadly weapon," and because Traylor was charged under a statutory subsection that specifically refers to a deadly weapon, we find that the use of a weapon is an essential element of the crime Traylor was convicted of. Therefore, it was improper for the trial court to reclassify this crime pursuant to section 775.087(1) and/or to enhance Traylor's sentence for this crime.
Sexual battery is a life felony. According to section 777.04(4)(c), attempt of such a crime is a second-degree felony. The sentencing document reflects that the attempted sexual battery offense was not reclassified by the trial court. It was properly listed as a second-degree felony.
The State insists that Traylor's sentence on the attempted sexual battery count was not improperly enhanced due to his use of a weapon. However, Traylor was sentenced to 30 years on that count. According to section 775.082(3)(c), "a person who has been convicted... for a felony of the second degree [is punished] by a term of imprisonment not exceeding 15 years." The 30-year sentence received by Traylor is appropriate for a firstdegree felony, under section 775.082(3)(b), so it appears that Traylor's sentence was enhanced by the trial court. Further, the trial court itself seemed to believe that it had enhanced Traylor's sentence on the attempted sexual battery count as well as on the attempted murder count. Denying Traylor's motion to correct his sentences, the trial court ruled that since "the use of a weapon is not an essential element for the offenses of attempted first-degree murder and [attempted] sexual battery," reclassification and enhancement were proper.

IV. Conclusion
We conclude that the trial court's reclassification of the attempted first-degree murder charge from a first-degree felony to a life felony was proper as was the enhancement of Traylor's sentence on this charge. Therefore, we affirm Traylor's conviction and sentence on the attempted murder charge. However, we also conclude that the reclassification and/or enhancement of the attempted sexual battery charge was improper. Enhancement of the attempted sexual battery sentence in the instant case renders the sentence illegal. We hereby vacate Traylor's sentence on the attempted sexual battery conviction and remand to the trial court for resentencing, consistent with this opinion, on this count only.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Section 775.087(1) states in relevant part:

Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
[2] The fact that the underlying felony here was burglary or sexual battery distinguishes Traylor's attempted felony murder charge from that in cases involving aggravated battery as the underlying felony. See, e.g., Gonzalez v. State, 585 So.2d 932 (Fla.1991).
[3] Traylor was convicted of attempted first-degree murder in 1988. At that time, attempted felony murder was a crime in this state. The Supreme Court's 1995 decision in State v. Gray, 654 So.2d 552 (Fla.1995), abolishing the crime of attempted felony murder, was not retroactive. See State v. Woodley, 695 So.2d 297, 298 (Fla.1997). Therefore, at the time Traylor was convicted and as charged in the information, Traylor could have been convicted of either attempted first-degree premeditated murder or attempted first-degree felony murder.
[4] When it existed as a crime in this state, attempted felony murder consisted of these elements: (1) perpetrating, or attempting to perpetrate, an enumerated felony; and (2) during the commission of the enumerated felony, committing an intentional overt act which could, but does not, cause the death of another. See Amlotte v. State, 456 So.2d 448, 449 (Fla.1984).
[5] The Gonzalez Court distinguished Lareau v. State, 573 So.2d 813 (Fla.1991) on its facts. Lareau held that an aggravated battery causing great bodily harm, § 784.045(1)(a)1, could be enhanced because the use of a weapon is not necessary to cause great bodily harm, whereas the Gonzalez aggravated battery involved the use of a deadly weapon, § 784.045(1)(a)2. Thus, Gonzalez held that the crime was not subject to reclassification because use of the weapon was an essential element of the offense in Gonzalez. See Gonzalez, 585 So.2d at 933.