785 So.2d 1179 (2000)
Oscar TRAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. SC93062.
Supreme Court of Florida.
June 1, 2000.
Rehearing Denied and Opinion Modified May 17, 2001.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Special Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, Miami, Florida, for Respondent.
WELLS, J.
We have for review Traylor v. State, 710 So.2d 172 (Fla. 3d DCA 1998), which expressly and directly conflicts with the opinion in Gonzalez v. State, 585 So.2d 932 (Fla.1991). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The events in this case began in 1988 when Traylor was convicted of attempted sexual battery with a deadly weapon,[1] attempted first-degree murder with a deadly weapon,[2] and trespass of an occupied dwelling with a dangerous weapon.[3] The information under which Traylor was charged listed the offenses as: attempted sexual battery "and in the process thereof [Traylor] used or threatened to use a deadly weapon, to wit: a knife or other sharp object," and attempted murder in *1180 the first degree "from a premeditated design... or while engaged in the perpetration of, or in an attempt to perpetrate a burglary and/or a sexual battery ... and in such attempt [Traylor] did stab [the victim] ... with a knife or other sharp object." The jury verdict forms found Traylor guilty of each of the offenses "with a deadly weapon" but did not specify whether the attempted first-degree murder conviction was based on a theory of premeditated murder or felony murder.
Upon Traylor's conviction of attempted first-degree murder, the trial court, pursuant to section 775.087(1), Florida Statutes (1987),[4] reclassified that crime and sentenced Traylor to life imprisonment. On the attempted sexual battery conviction, the trial court did not reclassify the crime but nevertheless enhanced Traylor's sentence.
On appeal, the Third District Court of Appeal held that the trial court's enhancement of Traylor's attempted sexual battery conviction was illegal, but the reclassification and enhancement of his sentence for attempted first-degree murder was proper. See Traylor, 710 So.2d at 173. In finding enhancement of the attempted sexual battery conviction to be illegal, the Third District reasoned that the crime of attempted sexual battery is analogous to the crime of felony murder in that the predicate crime underlying felony murder, such as aggravated battery, is not always committed using a weapon. Id. at 175. When an indictment or information charges the aggravated battery under the section of the statute that does stipulate use of a weapon and the jury finds that the defendant committed the battery with a weapon, then a weapon is an essential element of the offense. Id. Similarly, use of a weapon can be an essential element of the offense of attempted sexual battery, depending on the charging document and the jury findings. Id. Here, the district court found that use of a weapon was an essential element of the offense, and thus the enhancement was a sentencing error. Id.
In concluding that the trial court's enhancement of the attempted murder conviction was proper, the district court relied upon Strickland v. State, 437 So.2d 150 (Fla.1983), to find that neither attempted premeditated murder nor attempted felony murder includes the use of a weapon as an essential element. Id. at 174.[5] The Third District distinguished Gonzalez since "the underlying felony here was burglary or sexual battery" rather than aggravated battery. Id. at 174 n. 2.
On review in this Court, Traylor contends that the reclassification of his attempted first-degree murder conviction was a sentencing error because a conviction of attempted felony murder may not be reclassified and enhanced pursuant to section 775.087(1), Florida Statutes, when the use of a weapon is an essential element *1181 of the predicate felony. He states that Strickland is inapposite because the defendant in Strickland was charged only with attempted murder with premeditation, and thus there was no predicate felony to consider. Traylor argues that the only possible predicate felony in this case is "attempted sexual battery with a deadly weapon" and that since a weapon was determined to be an essential element of that felony, a conviction for attempted felony murder necessarily involves the use of a weapon as an essential element. Thus, Traylor asserts that this case should be controlled by Gonzalez rather than Strickland, which is relevant only to a charge of attempted murder with premeditation. He also notes that the State properly refrains from urging a harmless error analysis and contends that if reclassification and enhancement are improper under a felony-murder theory, then his sentence for attempted first-degree murder is illegal because there is no way to determine beyond a reasonable doubt whether the jury convicted him upon a theory of premeditation.
We agree. The essential elements of attempted felony murder include the elements of the actual underlying felony. Gonzalez, 585 So.2d at 933 (adopting Gonzalez v. State, 569 So.2d 782, 784-85 (Fla. 4th DCA 1990) (Anstead, J., concurring in part and dissenting in part)); Roulhac v. State, 648 So.2d 203, 204 (Fla. 1st DCA 1994); Wallace v. State, 665 So.2d 313, 314 (Fla. 2d DCA 1995); Pinkerton v. State, 534 So.2d 425, 426 (Fla. 5th DCA 1988); Webb v. State, 410 So.2d 944, 945 (Fla. 1st DCA 1982). Since Traylor's burglary charge resulted in a non-felony conviction of trespass, then, by elimination, it is reasonable to conclude that the underlying felony was attempted sexual battery, which was charged and found by the jury to have been committed with a deadly weapon.
Assuming that the jury convicted Traylor of attempted felony murder, then Gonzalez controls, rather than Strickland. In Gonzalez, the defendant was convicted of attempted third-degree felony murder and aggravated battery, and the Fourth District affirmed the trial court's enhancement of the sentence for the murder conviction since the predicate crime involved a firearm. See Gonzalez v. State, 569 So.2d 782 (Fla. 4th DCA 1990). This Court quashed the Fourth District's decision insofar as it affirmed the trial court's enhancement. Gonzalez, 585 So.2d at 933. We adopted the concurring and dissenting opinion of then Judge Anstead, who relied upon Lareau v. State, 554 So.2d 638 (Fla. 4th DCA 1989), which held that even though the use of a weapon is not a necessary element in every aggravated battery case, it is not proper to enhance the conviction when the offense is charged with reference to use of a weapon. Gonzalez, 585 So.2d at 933 (citing Gonzalez, 569 So.2d at 784-85 (Anstead, J., concurring in part and dissenting in part)).
In Gonzalez, the predicate felony was aggravated battery involving the use of a weapon. In the instant case, the predicate felony is attempted sexual battery, for which the statute provides that the crime can be committed with the use of a weapon. As in Gonzalez, the information specifically charged Traylor with an offense involving a deadly weapon, and the jury convicted Traylor of the crime "with a deadly weapon." Thus, the trial court should have recognized that use of a weapon was an essential element of the offense in this felony murder charge, and, therefore, no reclassification or enhancement was warranted.
The jury verdict does not state whether the jury convicted Traylor on a theory of attempted murder with premeditation or attempted felony murder. Therefore, it *1182 would be erroneous for the trial judge to determine that the jury convicted Traylor of attempted murder with premeditation since the jury's verdict could have been based upon the attempted felony murder for which there could be no reclassification. It was thus sentencing error for the trial judge to reclassify and enhance the sentence as to the conviction for attempted felony murder.
Accordingly, we find that the Third District erred in affirming the trial court's reclassification and enhancement of Traylor's sentence as to his conviction for attempted felony murder. We quash that portion of the district court's decision with directions that Traylor's sentence for his conviction of attempted first-degree murder be vacated, and we remand for resentencing in accord with this opinion.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ, concur.
QUINCE, J., concurs in result only.
NOTES
[1] See § 794.011(3), Fla. Stat. (1987).
[2] Section 782.04(1), Florida Statutes (1987), includes premeditated murder, section 782.04(1)(a)1., and felony murder, section 782.04(1)(a)2.
[3] § 794.011(3), Fla. Stat. (1987).
[4] Section 775.087(1) states in relevant part:

Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm ... the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
[5] At the time Traylor was convicted, attempted felony murder was a crime in Florida, and this Court's 1995 decision in State v. Gray, 654 So.2d 552 (Fla.1995), abolishing the crime of attempted felony murder, was not retroactive. Traylor, 710 So.2d at 174 n. 3. Thus, Traylor could have been convicted of either attempted first-degree premeditated murder or attempted first-degree felony murder. Id.