797 So.2d 651 (2001)
Douglas TUNSIL, III, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-1022.
District Court of Appeal of Florida, Third District.
October 24, 2001.
*652 Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
COPE, J.
Douglas Tunsil, III, appeals an order denying his motion to correct illegal sentence. We reverse.
Defendant-appellant Tunsil was convicted on count one, third degree murder with a firearm, and count two, aggravated assault with a firearm.
On count one, third degree murder is a second degree felony. § 782.04(4), Fla. Stat. (1993). The trial court enhanced the crime to a first degree felony on account of the use of a firearm. Id. § 775.087(1).
The court determined that the defendant was a habitual violent felony offender ("HVFO") and imposed a life sentence with a mandatory minimum term of fifteen years. Id. § 775.084(4)(b)1.
By motion to correct illegal sentence, defendant contends that enhancement of third degree murder to a first *653 degree felony was impermissible under Gonzalez v. State, 585 So.2d 932, 933 (Fla. 1991). Defendant's argument is well taken. Under the rule announced in Gonzalez, it was impermissible to enhance the third degree murder on account of the use of a firearm, as the use of a firearm had already been taken into account in the underlying charge of aggravated assault with a firearm. See id.
The State does not dispute this analysis, but argues that the claim is procedurally barred because it was raised in some fashion as part of an earlier postconviction motion. The earlier presentation of the issue was not entirely clear, and we are not convinced that the earlier denial of relief was on the merits. Moreover, the Florida Supreme Court has recently clarified that relief of this type is available through a motion under Florida Rule of Criminal Procedure 3.800(a). See Bover v. State, 797 So.2d 1246 (Fla.2001); Carter v. State, 786 So.2d 1173 (Fla.2001).
In the present case it is clear from the face of the record that count one, third degree murder, should have been classified as a second degree felony on the final judgment. Since the defendant is an HVFO, the maximum sentence on count one was thirty years with a mandatory minimum sentence of ten years. § 775.084(4)(b)2., Fla. Stat. (1993). Defendant's sentence on count one must be reduced accordingly.
Defendant also argues that his mandatory minimum sentences should be concurrent rather than consecutive. When the court sentenced the defendant, the court ordered on each count that the three-year mandatory minimum sentence for use of a firearm run consecutively to the mandatory minimum sentence as an HVFO.
In this case defendant was convicted of one count of third degree murder, which by statutory definition is an unlawful killing, without any intent to cause death, by a person engaged in the perpetration of non-enumerated felony. Id. § 782.04(4). The non-enumerated felony in this case is count two, aggravated assault with a firearm. By definition the two crimes occurred during the same criminal episode.
For that reason it is clear that the mandatory minimum sentences should be concurrent. See Jackson v. State, 659 So.2d 1060, 1061, 1062-63 (Fla.1995); Jackson v. State, 712 So.2d 467 (Fla. 4th DCA 1998); Sanchez v. State, 693 So.2d 678 (Fla. 3d DCA 1997).
We therefore reverse the order now under review and remand for reduction of the sentences on count one to the legal maximum, and to correct the mandatory minimum sentences on both counts so that they run concurrently. Defendant need not be present.
Reversed and remanded for correction of sentence.