CONFESSION OF ERROR

PER CURIAM.
Defendant is appealing the denial of his “Motion to Correct Illegal Sentence” in the trial court below. He claims that his sentence of two consecutive life terms, with twenty-five year mandatory mínimums, for two counts of attempted murder of a law enforcement officer are illegal because the state failed to prove the essential elements of its case (i.e. that the police officers were engaged in the discharge of their duty, or that the crime was motivated by the victims’ status as law enforcement officers). He also contends that the jury was not instructed on, and therefore made no findings of, the same. This claim was previously appealed to, and affirmed by, this court. See Fraley v. State, 795 So.2d 212 (Fla. 3d DCA 2001). Since this issue has previously been reviewed, the defendant is not entitled to relitigate this claim. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996) (defendant not entitled to successive review of specific issue already decided against him).
Defendant next contends, and the State correctly agrees, that pursuant to Traylor v. State, 785 So.2d 1179 (Fla.2000), his enhanced sentence for attempted first degree murder is illegal. In that case, the court held that enhancing a sentence for use of a firearm is illegal where the use of that firearm in an essential element of the underlying felony. Id. at 1181. Here, it cannot be determined from the verdict whether the defendant was convicted for attempted felony murder or attempted premeditated murder, and the underlying felony which supports the attempted felony murder conviction involved a firearm. Thus, the enhanced sentence is illegal and the trial court erred in denying relief on this claim.
Affirmed in part, reversed in part.