990 So.2d 656 (2008)
Michael MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2345.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
Michael Mitchell, Indiantown, pro se.
*657 No appearance required for appellee.
PER CURIAM.
Michael Mitchell (Defendant) appeals from an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), and an order denying his motion for rehearing. The trial court denied the motion as successive, without attaching any portions of the record to show that Defendant had raised the same grounds before. We affirm, but for other reasons.
Defendant was sentenced to a departure sentence of life in prison for each of his first two counts, both of which charged him with attempted first degree murder with a firearm, a life felony. Defendant's first ground on appeal is that his convictions for attempted first degree murder could not be enhanced from first degree felonies to life felonies for use of the firearm because that enhancement was accomplished by an amendment to Florida Statutes section 775.087(1), as added by chapter 95-184, § 19, at 1708, Laws of Florida. Chapter 95-184 is the same session law which was held to violate the single subject requirement in Heggs v. State, 759 So.2d 620 (Fla.2000).
Defendant contends his offense was committed within the window period during which application of chapter 95-184 violated the single subject requirement of the Florida Constitution, making the enhancement improper. We disagree, as the 1993 version of section 775.087(1)(a) also provided for the enhancement of a first degree felony to a life felony for the use of a firearm. See § 775.087(1)(a), Fla. Stat. (1993).[1]
Defendant's second ground on appeal was that the same two counts should not have been enhanced by the use of the firearm because the firearm became an essential element of those offenses. The firearm became an essential part of those offenses because he was also charged, in count V of the same information, with attempted robbery with a firearm. See, e.g., Gonzalez v. State, 585 So.2d 932 (Fla.1991) (holding that enhancement of the degree of the felony for use of a firearm was not permitted because use of a firearm was an essential element of third-degree felony murder, where the predicate felony was aggravated assault with a firearm), and Traylor v. State, 785 So.2d 1179 (Fla.2000) (finding trial court erred in enhancing conviction for attempted first degree murder because, under the felony murder theory, the predicate felony was attempted sexual battery with a deadly weapon, of which weapon was essential element, following Gonzalez).
Generally, use of a firearm is not an essential element of the crime of attempted first-degree murder with a firearm. Strickland v. State, 437 So.2d 150, 152 (Fla.1983). The fact that Defendant was charged also with attempted robbery with a firearm does not make the firearm an essential element of the two counts of attempted first degree murder with a firearm. This is because Defendant did not *658 allege that his attempted first degree murder charges were prosecuted on a felony murder theory, with which the robbery would serve as the predicate felony for attempted murder. Compare Theolet v. State, 801 So.2d 972 (Fla. 4th DCA 2001) (affirming summary denial of motion for postconviction relief, challenging life sentence for attempted first degree murder, reclassified as life felony, as distinguished from Traylor where defendant did not allege state proceeded at trial on attempted felony murder theory and, at time of conviction, attempted felony murder was not a crime in Florida).
It does not appear that Defendant's attempted murder charges could have been prosecuted as attempted felony murder. This is because State v. Gray, 654 So.2d 552 (Fla.1995), as issued on May 4, 1995, before the August 13, 1996 commission of Defendant's offenses, abrogated prior decisional law recognizing the offense of attempted felony murder, with attempted felony murder not becoming a crime again until the enactment of section 782.051, effective October 1, 1996. See ch. 96-359, § 1, Laws of Fla.
Affirmed.
KLEIN, STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] The language which was added to section 775.087(1) by section 19 of chapter 95-184 concerns the preparation of the scoresheet, providing as follows: "For purposes of sentencing under chapter 921 ... a felony offense which is reclassified under this section is ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the felony offense committed." It was the scoresheet level of the offense which this Court was concerned with in Reid v. State, 799 So.2d 394, 400 (Fla. 4th DCA 2001) (holding one-level increases for use of firearm are not applicable to a defendant who committed the charged offense within the window period between October 1, 1995, and May 24, 1997). Defendant's scoresheets showed the proper level, and, regardless, he was not sentenced for these two offenses pursuant to his scoresheet.