PER CURIAM.
We affirm appellant’s convictions and sentences without discussion. However, the trial court could not impose the additional surcharge of $20 pursuant to section 938.06(1), Florida Statutes (2009), because the court struck all fines imposed on appellant when it granted his rule 3.800(b)(2) motion. Sanders v. State, 101 So.3d 373, 376-77 (Fla. 1st DCA 2012). In addition, the trial court could not enhance appellant’s second-degree felony murder conviction to a life felony under section 775.087(1), Florida Statutes (2009), because use of a firearm was an essential element of the underlying felony of attempted armed robbery with a firearm. See Traylor v. State, 785 So.2d 1179 (Fla. 2000). Accordingly, we remand with directions that the trial court strike the additional $20 surcharge and correct the written judgment and sentence to reflect appellant’s second-degree felony murder conviction was for a first-degree felony punishable by life imprisonment.
AFFIRMED and REMANDED with directions.
BENTON, C.J., WOLF and SWANSON, JJ., concur.