IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT MCMANUS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2957

Opinion filed November 13, 2015.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Robert McManus, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Robert McManus appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for further proceedings.

In McManus' rule 3.800(a) motion, he asserted that the life sentence imposed for his 1982 attempted first-degree murder conviction is illegal pursuant to Traylor v. State, 785 So. 2d 1179, 1181 (Fla. 2000), which held it was improper to reclassify attempted first-degree murder to a life felony based upon the use of a deadly weapon where it was unclear whether the defendant was convicted on a theory of premeditated murder or felony murder, and the underlying felony included the use of a deadly weapon as an essential element. McManus pled guilty to armed robbery with a firearm and first-degree murder, the latter charged alternatively as pre-meditated murder or felony-murder, and not differentiated in the plea agreement. The circuit court found, based on Traylor and other authority, that McManus' claim has merit, but concluded the motion is barred by collateral estoppel and the law of the case doctrine.

Collateral estoppel may bar a successive rule 3.800(a) motion where the "specific issue . . . has already been decided on the merits." Holton v. State, 51 So. 3d 1164, 1165 (Fla. 1st DCA 2010) (citing State v. McBride, 848 So. 2d 287, 290-91 (Fla. 2003)). Similarly, the law of the case doctrine may bar relitigation of an issue that was actually decided in a previous appeal. See Swain v. State, 911 So. 2d 140, 143 (Fla. 3d DCA 2005) (citing McBride, 848 So. 2d at 290).

In support of its determination that McManus' claim is barred, the circuit court relied on an earlier order denying a rule 3.800(a) motion McManus filed in

2

2007. However, the motion itself is not in the record, and the order of denial frames the claim as asserting the life sentence for attempted first-degree murder exceeded the applicable statutory maximum. There is no indication the 2007 motion challenged the legality of the reclassification of the offense for use of a firearm or deadly weapon. Therefore, collateral estoppel does not apply. The law of the case doctrine does not apply either, because the record does not support the conclusion that the reclassification issue was actually decided in the ensuing appeal.

Accordingly, we reverse the lower court's order denying McManus' rule 3.800(a) motion and remand for further proceedings. If the court again summarily denies the motion, it shall attach record excerpts (e.g., plea or sentencing transcripts) which conclusively refute McManus' claim. This denial is without prejudice to the state's ability to raise the defense of laches on remand.

REVERSED AND REMANDED.

WOLF, WETHERELL, and MARSTILLER, JJ., CONCUR.