COBB, J.
The appellant, Scott Jones, pled nolo contendere to attempted first degree murder. The charge in the amended information read in part:
that Scott D. Jones ... between the 5th day of April, 1996 and the 8th day of April, 1996, ... did ... from a premeditated design to effect the death of Derrick Tyrone Dorsey attempt to murder Derrick Tyrone Dorsey, by shooting a gun at Derrick Tyrone Dorsey, and in the course of committing said offense, Scott D. Jones ... did possess and carry, display, use, threaten, or attempt to use a firearm.
On appeal Jones contends the trial court erred by enhancing the sentence on the basis that a firearm was involved when use of a firearm, based upon the language in the amended information, was an essential element of the offense.
First, we note that the alleged error was not properly preserved for appellate review since the trial court was not apprised of the legal basis for the objection to the scoring of the offense. See Castor v. State, 865 So.2d 701 (Fla.1978). Defense counsel at trial merely stated: “For the record, Mr. Jones wants me to ask the court to score that as a level nine rather than level ten.” No legal basis or argument was presented in support of this “request.”
Moreover, even had the point been properly preserved, it is without merit. As we pointed out in our opinion in State v. *1118 Tinsley, 683 So.2d 1089 (Fla. 5th DCA 1996), the propriety of enhancement of a sentence in an attempted murder conviction depends upon the substantive elements of the applicable criminal statute, not the elements set forth in the charging document. As pointed out by the state, section 782.04(1)(a), Florida Statutes (1999), which sets out the statutory elements of first degree murder, makes absolutely no mention of weapons or firearms.
It is true that had Jones been charged with attempted felony murder, wherein use of a weapon was an element of the predicate felony, then enhancement would have been improper. See Traylor v. State, 25 Fla. L. Weekly S431 (Fla. June 1, 2000) and Gonzalez v. State, 585 So.2d 932 (Fla.1991). In the instant case, unlike the uncertainty of the basis of the jury verdict in Traylor, it is clear that Jones was charged and convicted only of attempted premeditated murder. The controlling cases, therefore, are Strickland v. State, 437 So.2d 150 (Fla.1983) and Tinsley.
AFFIRMED.
HARRIS and PALMER, JJ., concur.