983 So.2d 662 (2008)
Larry HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1037.
District Court of Appeal of Florida, Fourth District.
May 28, 2008.
Larry Harris, Belle Glade, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the order summarily denying the rule 3.800(a) motion to correct illegal sentence, but not for the reason specified by the trial court.
The state argued that it should be denied as successive because the sole ground had been raised and rejected twice before, and attached copies of defendant's prior rule 3.800(a) motions. The motion was denied for the reasons given in the state's response. Although similar, however, the ground raised in this motion was not identical to the previous challenges to the 50-year sentence for count III.
In this motion, he claimed that count III, attempted first degree murder with a deadly weapon, could not be reclassified from a first degree felony to a life felony for use of the weapon because the weapon was an essential element of the predicate felony, citing Traylor v. State, 785 So.2d 1179 (Fla.2000). Because he entered a nolo contendere plea to a charge of attempted premeditated murder, however, we find that Traylor is inapposite. Compare Jones v. State, 776 So.2d 1117 (Fla. 5th DCA 2001) (distinguishing Traylor where defendant entered nolo contendere plea to attempted first degree murder from premeditated design, and was not charged with attempted felony murder in which use of a weapon was an element of the predicate felony). See also Theolet v. State, 801 So.2d 972 (Fla. 4th DCA 2001) (affirming summary denial of motion for postconviction relief, challenging life sentence *663 for attempted first degree murder, reclassified as life felony; distinguishing Traylor where defendant did not allege state proceeded at trial on attempted felony murder theory and, at time of conviction, attempted felony murder was not a crime in Florida).
Affirmed.
FARMER, TAYLOR and MAY, JJ., concur.